**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| CHRISTOPHER HOLLAMAN | Case No.: |
| *Plaintiff,* | |
| v. | |
| SHREE RAM JAY RAM LLC, D/B/A<br>COMFORT INN & SUITES SHAWNEE<br>Serve: Dilip Patel<br>10401 France Family Dr.<br>Kansas City, KS 66111 | |
| *Defendant.* | |

**COMPLAINT**

Plaintiff Christopher Hollaman ("Hollaman" or "Plaintiff"), for his claims and cause of action against Defendant Shree Ram Jay Ram LLC, d/b/a Comfort Inn & Suites Shawnee ("Comfort Inn" or "Defendant"), states and alleges the following:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is an individual residing in Kansas City, Missouri. He is a former employee of Defendant.

2. Defendant is a limited liability company organized under the laws of the State of Kansas with its principal place of business in the State of Kansas. It can be served through its registered agent, Dilip Patel, at 10401 France Family Dr., Kansas City, KS 66111.

3. The court has jurisdiction over this action, which includes claims arising under the Americans with Disabilities Act (42 U.S.C. § 12101, *et seq*.) (the "ADA"), pursuant to 28 U.S.C. § 1331.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in the District of Kansas.

**FACTUAL BACKGROUND**

5. Plaintiff filed a Charge of Discrimination with the EEOC within 180 days of the acts complained of and filed this Petition for Damages within 90 days after receiving his Notice of Right to Sue from the EEOC.

6. This action is timely, and Plaintiff has exhausted all administrative remedies perquisites to filing this action.

7. Hollaman started working for Comfort Inn on April 9, 2022, as a Front Desk Agent.

8. During his interview, Hollaman informed the general manager, Shauntay Wade, that he had several disabilities, including some mental health issues, as well as Osteoarthritis, which made it difficult for Hollaman to stand for long periods of time.

9. Shauntay did not indicate that Hollaman's disabilities would be an issue, however, she stated that they could not have Hollaman sitting at the front desk.

10. When Hollaman asked why he couldn't sit at the front desk, Shauntay responded that the owners did not like employees to sit, but wouldn't provide any other reason for this lack of accommodation.

11. Shauntay stated that Hollaman could sit in the laundry room, which included a desk and chair and a camera view of the front desk.

12. Hollaman started his first day on April 9, 2022, and performed all tasks asked of him, including doing laundry, cleaning the pool, and walking around the hotel to complete these various tasks.

13. Shauntay did not mention these tasks during the interview process, but Hollaman completed them nonetheless, without issue.

14. After completing his tasks, Shauntay told Hollaman that she would see him back at the hotel, for his 3 o'clock shift the next day.

15. However, in the morning of April 10, 2022, the day after finishing his first shift, Hollaman received a text from Shauntay that his services were no longer needed and that he was fired.

16. Shocked that he was fired after only one day, Hollaman called Shauntay for an explanation as to why he was being let go shortly after being hired.

17. Stunningly, Shauntay admitted that Hollaman was being fired because she didn't believe he could walk, a direct reference to Hollaman's disability that he had disclosed to Shauntay during the interview process.

18. Attempting to manufacture non-discriminatroy reasons for his termination on the fly, Shauntay also stated that customers were waiting for service at the front desk when Hollaman was in the back.

19. Hollaman responded that these claims were exaggerated, but even if they were not, this could have been remedied if Defendant had accommodated him, and allowed him to sit at the front desk.

20. Shauntay did not mention during the interview process, nor during his day of work, that he wouldn't be able to perform the essential functions of the job, and in fact, he did perform those functions.

21. Nonetheless, Hollaman was fired on April 10, 2022, by Comfort Inn, due to his disability, after they failed to accommodate him.

## COUNT I – ADA DISCRIMINATION

22. Plaintiff realleges and incorporates all preceding paragraphs.

23. Plaintiff is a qualified individual with a disability under the ADA, in that he met the legitimate skill, experience, education, and other requirements of his position with Comfort Inn and could perform the essential functions of his position with a reasonable accommodation.

24. Accordingly, Comfort Inn is a covered employer under the ADA.

25. Comprt Inn failed to engage in the interavtive process to determine if Hollaman has a disability or if he could be reasonably accommodated.

26. Comfort Inn discriminated against Hollaman on the basis of his disability by intentionally failing to accommodate his disabilities by refusing to allow him to sit at the front desk.

27. Comfort Inn further discriminated against Hollaman on the basis of his disabillty by ultimately terminating Hollaman's employment, specficially mentioning symptoms of his Osteoarthritis.

28. The adverse employment actions Hollaman suffered, directly and proximately caused Hollaman to suffer damages, including lost wages, lost benefits, garden variety emotional distress, humiliation, intimidation, embarrassment and frustration.

29. Defendant, through its agents or employees, acted outrageously by engaging in discriminatory practices with malice or reckless indifference to Hollaman's federally protected rights. Defendant is therefore liable for punitive damages in an amount sufficient to punish Defendant and to deter it and other employers from engaging in similar conduct.

WHEREFORE, Plaintiff Christopher Hollaman respectfully requests that the Court enter judgment in his favor on Count I and against Defendant Shree Ram Jay Ram LLC, d/b/a Comfort

Inn & Suites Shawnee for a finding that he was subjected to unlawful discrimination in violation of the ADA; for compensatory and punitive damages; equitable relief; costs expended; reasonable attorney's; and for such other and further relief the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff respectfully requests a trial by jury on all issues so triable.

**DESIGNATION OF PLACE OF TRIAL**

Plaintiff hereby requests the trial be held in Kansas City, Kansas.

**HKM EMPLOYMENT ATTORNEYS LLP**

/s/ *John J. Ziegelmeyer III*
| | |
|---|---|
| John J. Ziegelmeyer III | KS No. 23003 |
| Brad K. Thoenen | KS No. 24479 |
| Kevin Todd | KS No. 78998 |
| Ethan A. Crockett | KS No. 79069 |

1501 Westport Road
Kansas City, Missouri 64111
Tel: 816.875.3332
jziegelmeyer@hkm.com
bthoenen@hkm.com
ktodd@hkm.com
ecrockett@hkm.com
www.hkm.com
ATTORNEYS FOR PLAINTIFF